

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00519-CV

Loren **BREWER**,
Appellant

v.

**SCHLUMBERGER TECHNOLOGY CORPORATION**,
Schlumberger N.V. a/k/a Schlumberger Limited, and Jose Salazar Jr.,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 14-09-53692-CV
Honorable Richard C. Terrell, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  January 11, 2017

APPEAL DISMISSED FOR WANT OF JURISDICTION

This is an attempted appeal from a trial court's summary judgment order in favor of appellees Schlumberger Technology Corporation, Schlumberger N.V. a/k/a Schlumberger Limited, and Jose Salazar Jr. ("Schlumberger"). The clerk's record was filed October 7, 2016. Our review of the clerk's records shows appellant Loren Brewer filed a notice of appeal in which he contends he is appealing the "FINAL SUMMARY JUDGMENT" signed May 12, 2016. After reviewing the clerk's record, it appears Brewer brought suit against, and served: (1) Schlumberger Technology Corporation; (2) Schlumberger, N.V. a/k/a Schlumberger Limited; (3) Rig Relocators,

LLC; (4) Rig Relocators; and (5) Jose Salazar Jr. The record shows the trial court granted summary judgment in favor of the Schlumberger entities by order signed May 12, 2016. On that same date, by separate order, the trial court granted summary judgment in favor of Salazar. However, we can find no order, judgment, or other document disposing of the claims against Rig Relocators, LLC and Rig Relocators. We recognize Schlumberger contends these last two entities were never served, but the documents in the record suggest otherwise.

Accordingly, based on our review of the record, it appears there is no order or judgment in this case disposing of Brewer's claims against Rig Relocators, LLC or Rig Relocators. Thus, the summary judgments rendered in favor of the Schlumberger entities and Salazar are interlocutory. In other words, there is no judgment or order — or series of judgments or orders — disposing of all the claims and parties in this case. This court rendered a show cause order on November 21, 2016, requiring Brewer to file a written response in this court on or before December 21, 2016, showing cause why this appeal should not be dismissed for want of jurisdiction. We advised Brewer that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). Brewer did not file a response and no supplemental clerk's record has been filed showing this court has jurisdiction.

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* In this case, there is no final judgment in the clerk's record, and we have found no authority permitting an interlocutory appeal from partial summary judgment orders in the circumstances presented here. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding appellate courts have jurisdiction to consider interlocutory orders only if statute explicitly provides such jurisdiction).

Accordingly, we hold that at this time, there is no order or judgment from which Brewer may prosecute an appeal. We therefore dismiss the appeal for want of jurisdiction. We order Brewer to pay all costs incurred, if any, as a result of this appeal.

PER CURIAM